SAMUEL GROSS *vs.* ANDREW POTTER & another.

Proceedings in insolvency instituted upon the petition of a creditor, which does not allege that the acts of bankruptcy charged were committed within the time prescribed by the insolvent laws before the filing of the petition, will be vacated by this court, under the equity jurisdiction conferred by those laws.

BILL IN EQUITY by a creditor of Lubin Arcin, under the Gen. Sts. *c.* 118, § 16, to set aside proceedings in insolvency commenced against said Arcin upon a petition presented by another creditor of his on the 31st of May 1860, the grounds alleged in which were, 1st, that his goods or estate were attached on mesne process in a civil action founded on a contract for the sum of one hundred dollars and upwards, now pending in the superior court in this county, and seven days had elapsed since that action was returned into said court, yet it had not been dissolved; and 2d, that he had removed himself and portions of his property without the jurisdiction of the Commonwealth to Canada, where he now resided, and had made a fraudulent conveyance or transfer of his property to Samuel Gross of Albany to the amount of fifteen hundred dollars or thereabouts, with the intent to defraud his creditors; but did not allege within what time these acts of bankruptcy had been committed.

*J. D. Colt,* for the plaintiff, contended that for the want of such allegation of time in the petition the proceedings were invalid; and cited *Sts.* 1838, *c.* 163, § 19; 1844, *c.* 178, §§ 9, 12, 13; 1851, *c.* 189, § 2; *Jordan, petitioner,* 9 Met. 292; *O'Neil* v. *Glover,* 5 Gray, 144.

*A. Potter,* for the defendants, argued that the petition gave sufficient notice to the debtor of the grounds intended to be relied on, and that the limitation of time was matter of evidence, which need not be negatived in the petition.

But THE COURT, for the reason above stated, ordered the

*Proceedings to be vacated.*